IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01165-RMR-KAS

AM DATA SERVICE, INC., and
RICHARD MILLER,

     Plaintiffs,

v.

FUNDING CIRCLE USA, INC.,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiffs' **Fed. R. Civ. P. 15(a)(2) Motion for Leave to File Amended Complaint** [#51] (the "Motion"). Defendant filed a Response [#53], and Plaintiff filed a Reply [#54]. The Motion has been referred to the undersigned. *See Order Referring Motion* [#52].[1] The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Motion [#51] is **GRANTED.**

## I.  Background

Plaintiffs AM Data Service, Inc. and Richard Miller initiated this action against Defendant Funding Circle USA, Inc.—Plaintiffs' commercial lender—based on an alleged data breach of Defendant's network that apparently resulted in the theft of Plaintiffs' identities. In the operative Complaint [#1], Plaintiffs allege that certain "third-party threat

---

[1] All parties do not consent to magistrate judge jurisdiction. *See Signed Consent/Non-Consent Form* [#16].

actors" gained access to Defendant's computer networks, which allowed those threat actors to steal Plaintiffs' sensitive information. *Compl.* [#1] ¶¶ 18-19.

Defendant moved to dismiss, arguing that Plaintiffs failed to establish Article III standing because they did not allege a concrete injury that is fairly traceable to any act or omission by Defendant. *See Motion* [#14] at 2-5. Meanwhile, the Court entered a Scheduling Order [#29] that set a deadline of August 1, 2025, for joinder of parties and amendment of pleadings.

After that deadline had passed, the undersigned recommended that Defendant's Motion [#14] be granted because Plaintiffs did not (1) sufficiently allege actual misuse of their stolen information, or (2) trace their injuries to the alleged data breach in a nonspeculative manner. *Report and Recommendation* [#42] at 8-9, 12-13. District Judge Rodriguez adopted the undersigned's Recommendation, and in so doing, set a deadline for Plaintiff to file a motion for leave to amend. *Order* [#50] at 7. Plaintiff filed the instant Motion [#51] by the deadline that District Judge Rodriguez imposed.

## II.  Standard of Review

Courts in this District generally employ a two-step analysis in determining whether a party may amend their pleadings after the deadline for joinder of parties or amendment of pleadings established in a scheduling order. First, a court considers whether the moving party demonstrates good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021). Second, a court weighs whether the amendment should be allowed under Rule 15(a).

Rule 16(b)'s good cause standard "does not focus on the bad faith of the movant, or the prejudice to the opposing party." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (citation omitted). "Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* The district court has wide discretion in applying Rule 16(b). *Bylin v. Billings*, 568 F.3d 1224, 1231-32 (10th Cir. 2009).

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In other words, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Whether to grant or deny leave to amend a complaint is within a court's discretion. *Id.* Refusing leave to amend is generally justified only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### III. Analysis

The Court finds good cause for Plaintiffs to amend the operative Complaint [#1]. Although the filing of the Motion to Dismiss [#14] may have put Plaintiffs on notice of deficiencies in their Complaint [#1], the Court has previously noted that "[d]ata breach cases present unique Article III standing questions." *See Report and Recommendation* [#42] at 6 (quoting *Jenkins v. Associated Wholesale Grocers, Inc.*, No. 24-4039-DDC-GEB, 2025 WL 708574, at *3 (D. Kan. Mar. 5, 2025)). Therefore, the first time that Plaintiffs were advised *by the Court* of any deficiencies in their pleadings was on January

3

9, 2026, when the undersigned adjudicated the Motion to Dismiss [#14] on its merits. In their Objection to the undersigned's Recommendation, Plaintiffs sought leave to amend. *Objection* [#48] at 24. Although District Judge Rodriguez noted that Plaintiff needed to file a separate motion to seek leave to amend, *see Order* [#50] at 7, Plaintiff did so by the deadline that Judge Rodriguez set. *Motion* [#51]. Accordingly, the Court will allow the amendment notwithstanding the passage of the Scheduling Order's deadline for amendment of pleadings. However, given the length of time that has passed since the Scheduling Order's deadline, Plaintiffs are on notice that the Court is not inclined to grant further leave to amend.

With respect to the Rule 15(a) considerations, Defendant does not assert that Plaintiffs have acted in bad faith or with a dilatory motive. And because the instant Motion [#51] represents Plaintiffs' first attempt to amend their Complaint, they necessarily did not fail to cure deficiencies by amendments previously allowed. Therefore, Defendant's remaining arguments focus on the timeliness of the motion (addressed above), futility of amendment, and undue prejudice. *See Response* [#53] at 6-18.[2]

On review of the proposed Amended Complaint [#51-2], Plaintiffs appear to have made a good faith effort to address the deficiencies discussed in the undersigned's Recommendation [#42]. *See Proposed Amended Compl.* [#51-2] ¶ 23 (adding an allegation that the "malicious threat actors" executed a "fraudulent Revenue Based Financing Agreement and [a] fraudulent Agreement for Direct Deposits (ACH Credits) and Direct Collections" in Plaintiffs' names); *see also id.* ¶ 29 (adding an allegation that "[t]he threat actor knew to impersonate Funding Circle relative to Plaintiffs based on the threat

---

[2] Defendant does not appear to have sought leave to file an oversized Response. *See* RMR Civ. Practice Standard 10.1(c)(1).

actors having stolen Plaintiffs' information, documentation, and NPI from Funding Circle and thereby ascertaining that Plaintiffs were an existing customer of Funding Circle"). To the extent that Plaintiffs' allegations concerning traceability of the alleged injury to the data breach are still deficient—and that amendment is therefore futile—that is a question that courts in this District often prefer to address on a Rule 12(b)(6) motion to dismiss. *See Retzolff v. Jacobs Ent., Inc.*, No. 24-cv-03538-PAB-KAS, 2026 WL 21233, at *5 (D. Colo. Jan. 4, 2026).

Although Defendant has identified prejudice in the form of additional litigation expenses, the Court is not convinced that Defendant has established *undue* prejudice that is not inherent in the routine defense of any civil action. *See Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1168 (D. Kan. 2018) ("While any amendment invariably causes some 'practical prejudice,' undue prejudice means that the amendment 'would work an injustice to the defendants.'") (citation omitted); *see also Nordwald v. Brightlink Commc'ns, LLC*, No. 20-2528-JWL-GEB, 2021 WL 4399488, at *3 (D. Kan. Sept. 23, 2021) ("Where discovery is not closed and no depositions have been taken in the case, the Court does not find this a sufficient basis to deny amendment"). True, certain discovery deadlines in this case will need to be extended. *See Minute Order* [#40] (setting the fact discovery cutoff for January 30, 2026, and the expert discovery cutoff for June 1, 2026). But Defendant bears at least some responsibility for such delays because Defendant moved for and was granted a stay of discovery while the District Judge adjudicated the undersigned's Recommendation [#42]. *See Motion* [#43]; *Minute Order* [#47].

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#51] is **GRANTED**. The Clerk of Court is directed to separately docket the clean version of the proposed Amended Complaint [#51-3].

IT IS FURTHER **ORDERED** that the discovery stay in this matter is **LIFTED**.

IT IS FURTHER **ORDERED** that the parties shall file a joint motion to amend the Scheduling Order [#29, #40], with proposed amendments to deadlines set in this case, no later than **June 16, 2026**.

Dated: June 2, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

6